UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DELBERT MCGEE,
    Petitioner,

Vs.

UNITED STATES OF AMERICA,
    respondent.

Case No. 11-20013-001
Judge, Michael P. McCuskey

**Verified Petition**

FILED
JAN 30 2012
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MOTION TO CORRECT SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)(2) [1/]
AND AMENDMENT NO. 709

COMES NOW the Petitioner, Delbert McGee, pro se, and respectfully request that this Honorable Court issue an Order correcting Petitioner's sentence as authorized by Amendment No. 709. Petitioner makes this request due to the following:

Petitioner was arrested on March 25, 2010, and indicted for being a Felon in possession of a Firearm in violation of Title(s) 18 U.S.C. § 922(g)(1) and 924(e).

On December 6, 2010, Petitioner plead guilty to a single count of the indictment.

At sentencing on March 17, 2011, the Court found that Petitioner was an Armed Career Criminal because of three previous convictions for either a crime of violence or controlled substance offense and sentenced Petitioner to a mandatory minimum sentence of fifteen years under 18 U.S.C. § 924(e).

---

1/ **NOTICE:** In the alternative, the Court may construe this 18 U.S.C. § 3582 as a 28 U.S.C. § 2255 motion.

Amendment 709 of the United States Sentencing Guidelines, which is now officially listed is U.S.S.G. § 4A1.2(a)(2), can now serve as a basis for correcting sentence under 18 U.S.C. § 3582.

18 U.S.C. § 3582 Provides:

> "In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion by the defendant...the Court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Commission. See United States v. Suber, 2008 U.S. Dist. LEXIS 39914 (E.D. Ohio 2008), United States v. Johnson, 564 F.3d 419, 421 (6th Cir. 2009).

Amendment 709 in relevant part states

> "If there is no intervening arrest arrest, prior sentences are counted seperately unless (a) the sentence resulted from offenses contained in the same charging instrument, or (b) sentences were imposed on the sameday." See 4A1.2(a)(2).

BRIEF HISTORY OF THE CASE

The Court relied on three prior convictions to enhance Petitioner's sentence under 18 U.S.C. § 924(e):

1. Burglary #97-cf-1066
2. Residential Burglary #02-cf-1437
3. Delivery of Cannabis #03-cf-58

Pertinent to this discussion in the Residential Burglary and the Delivery of Cannabis.

Petitioner committed that the crime of Delivery of Cannabis on October 29, 2002, but was never apprehended and/or arrested for the crime. On November 30, 2002, Petitioner was arrested for the offense of Residential Burglary. On January 16, 2003, while still in custody for the Residential Burglary offense, Petitioner was issued an indictment.complaint for the Delivery of a Cannabis that was committed on October 29, 2002. These two convictions were consolidated for sentencing on March 21, 2003.

## PETITIONER REQUESTS THAT THE COURT CONSIDER THE FOLLOWING FACTS

In this Petitioner's case, there was no intervening arrest between the arrest of the Residential Burglary and the Delivery of Cannabis. Petitioner remained in custody on the Residential Burglary charge and while waiting to be bailed out was issued an indictment or complaint for the Delivery of a Cannibis offense. Therefore, on March 21, 2003, the two sentences were consolidated and Petitioner was sentenced to six years for each to be ran concurrent.

Therefore, for the court error in applying the enhancement under 18 U.S.C. § 924(e) because the two prior convictions should have counted as one sentence under the Guidelines.

## CONCLUSION

For all the reasons as stated herein, Petitioner prays that this Court will correct this sentence in accordance with Amendment No. 709 of the U.S. Sentencing Guidelines, and as authorized by 18 U.S.C. § 3582, and sentence him to a sentence pursuant to 18 U.S.C.

§ 922(g)(1) in referrence to 18 U.S.C. § 3553(a) factors. And Petitioner further parys that this court will grant any further relief that this court deems just and proper.

Respectfully Submitted:

>Delbert McGee
>Reg. No. 15010-026
>United States Penitentiary McCreary
>P.O. Box 3000
>Pine Knot, Kentucky 42635

CERTIFICATE OF SERVICE

I declare under penalty of perjury that a copy of the attached Motion to Correct Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment No. 709 was placed in the Legal mail here at USP McCreary for delivery to all parties as shown below, with First-Class postage, pre-paid, and addressed as follows:

Clerk of the Court
United States District Court
201 South Vine Street
Urbana, Il 61801

John C. Taylor
Federal Public Defender
300 West Main Street
Urbana, Il 61802

Colin S. Bruce,
U.S. Attorney
201 South Vine Street
Urbana, Il 61801

Done this 17th day of January, 2012, C.E.

/s/ Delbert McGee
Delbert McGee