UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DELBERT MCGEE, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 12-CV-2094 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

OPINION

On March 20, 2012, Petitioner, Delbert McGee, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#1). On March 23, 2012, Petitioner filed a Motion (#3) to supplement his § 2255 petition (#1). On April 10, 2012, the Government filed its Response (#4) to Petitioner's Motion (#1). On April 23, 2012, Petitioner filed a supplement (#5) to his § 2255 motion (#1). This court has carefully and thoroughly reviewed the arguments of the parties and the documents provided. Following this careful consideration, Petitioner's Motion to Supplement (#3) is GRANTED. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (#1) is DENIED. Additionally, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.

I. FACTS AND PROCEDURAL HISTORY[1]

On January 7, 2010, police officers obtained a search warrant for Petitioner's residence. During the search, officers found 1) a loaded Lorcin model9LMM, 9 millimeter pistol; 2) a loaded Rohm model RG10 .22 caliber revolver; 3) a loaded Hi Point model C9 9 millimeter

pistol; and 4) a Ruger model Single Six .22 caliber revolver. Petitioner admitted that the guns belonged to him, that he had purchased three of the guns, and one of them was loaned to him. Prior to January 7, 2010, Petitioner had been convicted in McLean County, Illinois case 2002-CF-1437 of a felony offense, residential burglary. On March 4, 2010, in case 10-CR-20013 in this court, Petitioner was charged in an indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

On December 6, 2010, Petitioner entered into a plea agreement (10-CR-20013, #19). In the agreement, Petitioner agreed to, in pertinent part and among other things, the following statements:

> 3. Pursuant to Federal Rule of Criminal Procedure l1(c)(l)(C), the defendant will enter a plea of guilty to the indictment in this cause. The indictment charges the defendant with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(l).
>
> 4. The defendant has personally read the indictment and the charge to which the defendant is pleading guilty. The indictment and the charge have been explained to the defendant by the defendant's attorney. Furthermore, the defendant fully understands the nature and elements of the crime to which the defendant is pleading guilty.
>
> 12. The defendant further understands, and the parties agree that pursuant to the pre-plea criminal history computation as completed by the U.S. Probation Department, the defendant would be classified as an Armed Career Offender under the sentencing guidelines, as he has three prior felony convictions that are considered violent felonies and/or serious drug offenses, as that concept is defined at U.S.S.G. § 4B1.4 and 18 U.S.C. § 924 (e)(l).
>
> 13. The United States and the defendant agree that by pleading guilty he is admitting to violating 18 U.S.C. § 922 (g) and he has three prior convictions for a violent felony or a serious drug offense, or both, committed on occasions different from one another, which are the following: Residential Burglary in cause number 02CF1437 in McLean County Circuit Court, Burglary in cause number 97CFI066 in McLean County Circuit Court and Delivery of Cannabis in cause number 03CF58.

---

[1] Facts are taken from the Stipulation of Facts in Petitioner's plea agreement (10-CR-20013, #19).

16. The United States and the defendant agree that pursuant to U.S.S.G. § 4B1.4(c)(2) the defendant's criminal history category for an armed career criminal is Category VI, where the defendant possessed the firearm in connection with a controlled substance offense (as defined in a U.S.S.G. § 4B1.2(b)).

17. Further, the defendant's criminal history category according from U.S.S.G. § 4A1.1 is also calculated at criminal history category of VI, where the defendant has 13 criminal history points from the following convictions:

> [ * * *]
>
> c. On March 21, 2003, the defendant plead [*sic*] guilty to Delivery of Cannabis in case number 03CF58 in the McLean County Circuit Court, Illinois. The defendant was sentenced to 6 years in the Illinois Department of Corrections. This results in 3 criminal history point pursuant to § 4A1.1(a).

24. The defendant also understands that he has a right to attack his conviction or sentence collaterally on the grounds that the Constitution or laws of the United States were violated, he received ineffective assistance from his attorney, this Court was without proper jurisdiction or the conviction or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255, and the defendant understands the rights that statute gives him. The defendant's attorney has fully discussed and explained this waiver with the defendant but has made no recommendation to the defendant as to the waiver of a motion under Title 28, United States Code, Section 2255. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right.

25. Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so

> long as the sentence is within the maximum provided in the statutes of conviction.
>
> 26. The defendant states that he has not been coerced, threatened, intimidated, or in any other way involuntarily persuaded to waive his rights to appeal or collaterally attack his sentence by his attorney or anyone else. The defendant is waiving those rights because he personally believes it is in his best interest to do so in order to obtain the benefit of the concessions made by the United States in this agreement. The defendant understands the United States is unwilling to make some of those concessions unless he is willing to waive his rights to appeal or collaterally attack his sentence as part of the bargain. The defendant and asks the Court to accept this waiver so he can receive the full benefit of this agreement.

(10-CR-20013, #19). Also on December 6, 2010, Magistrate Judge David G. Bernthal accepted Petitioner's plea agreement, found that a factual basis exists for the plea, and confirmed that the plea was knowing and voluntary. On March 17, 2011, a Presentence Investigation Report was completed and filed with the court. In pertinent part, and among other asseverations, the Report noted the following:

> 2. On December 6, 2010, the defendant appeared in court and entered a plea of guilty to the Indictment pursuant to a written Plea Agreement. As the agreement was made pursuant to Federal Rule of Criminal Procedure 11(c) (1) (C), the defendant and the government agreed to the following: The defendant is an Armed Career Criminal, as he has three prior felony convictions that are considered violent felonies and/or serious drug offenses; the applicable offense level of 34 shall apply, as the defendant possessed the firearm in connection with a controlled substance offense; the defendant will receive a three-level reduction for timely acceptance of responsibility; and the defendant has a criminal history category of VI, also mandated by the Armed Career Criminal provision, but also because the defendant has 13 criminal history points.
>
> 4. The defendant agreed to waive any and all rights to appeal his sentence pursuant to 18 U.S.C. § 3742. The defendant further waived the right to attack his sentence in any post-conviction proceeding on any ground.
>
> 31. Chapter Four Enhancements: U.S.S.G. § 4Bl.4 states that an offender is an Armed Career Criminal if the defendant has violated 18 U. S. C. § 922 (g) and has three prior convictions for a violent felony, or a serious drug offense, or both, committed on occasions different from one another. Defendant McGee

has two prior convictions for violent felonies: Residential Burglary, (McLean County Circuit Court, Case #02-CF-1437) and Burglary, (McLean County Circuit Court, Case #97-CF-I066). The defendant also has one prior conviction for a serious drug offense: Delivery of Cannabis, (McLean County Circuit Court, Case #03-CF-58). Therefore, the defendant is an Armed Career Criminal as defined by U.S.S.G. § 4B1.4 and 18 U.S.C. § 924 (e) (1). As the defendant possessed the firearm in connection with a controlled substance offense, an offense level of 34 shall apply.

37. 10/29/02 (Age 22)
    Delivery of Cann. (class 3 felony); McLean County Circuit Court, Bloomington, IL; #03-CF-58

    03/21/03: Guilty plea, sentenced to 6 years IDOC (credit 112 days), concurrent with #02-CF-1437.

    The defendant was represented by legal counsel. The Indictment charged that on October 29, 2002, the defendant delivered more than 30 grams, but less than 500 grams of cannabis, to an undercover Illinois State Police Task Force Inspector.

    Defendant McGee was received by the Illinois Department of Corrections on March 27, 2003. He was released on parole on May 27, 2005, and his sentence was discharged on May 29, 2007. Based on the sentence in this cause, it appears that this offense is a triggering offense for the Armed Career Criminal provision, pursuant to 18 U.S.C. § 924(e) (2). Normally, this offense would not apply because of the maximum penalty of five years imprisonment for a class 3 felony in the State of Illinois. However, as the defendant received a six-year term of imprisonment, it appears that he received an enhanced sentence, with a maximum term of imprisonment of 10 years for a class 3 felony in the State of Illinois. Therefore, this offense does count as a triggering offense for the Armed Career Criminal provision. 18 U.S.C. § 924(e)(2).

(10-CR-20013, #31). On March 17, 2011, judgment was entered and Petitioner was sentenced to 188 months. On March 20, 2012, the instant motion was filed.

## II. ANALYSIS

Relief under 28 U.S.C. § 2255 is reserved for extraordinary situations. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996), *citing Brecht v. Abrahamson*, 507 U.S. 619, 633-34

(1993). Accordingly, a petitioner may avail himself of relief under § 2255 only if he can "demonstrate that there are flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.3d 296, 298 (7th Cir. 1995). There are no such claims in Petitioner's request. This court also agrees with the Government that Petitioner previously waived his right to pursue relief pursuant to § 2255 in his plea agreement. Accordingly, his petition must be denied.

**Waiver**

Petitioner has waived his right to pursue relief pursuant to a § 2255 motion in his plea agreement. In the Seventh Circuit, a waiver in a plea agreement of the right to file a motion under 28 U.S.C. § 2255 is enforceable as a general rule. *Mason v. U.S.*, 211 F.3d 1065, 1069 (7th Cir. 2000); *Jones v. U.S.*, 167 F.3d 1142, 1145 (7th Cir. 1999). The Seventh Circuit has "never been reluctant to hold criminal defendants to their promises." *Roberts v. U.S.*, 429 F.3d 723, 723 (7th Cir. 2005) (dismissing Section 2255 proceeding based on waiver in plea agreement). The only claims that survive a § 2255 waiver are claims that (1) the waiver itself was not knowingly and voluntarily made; or (2) that defense counsel provided ineffective assistance in connection with negotiating the waiver itself. *Mason*, 211 F.3d at 1069; *Jones*, 167 F.3d at 1145.

Here, it is clear that Petitioner knowingly and voluntarily waived his right to collateral attack. A waiver "will be enforced if: (1) its terms are clear and unambiguous; and (2) the record demonstrates that it was entered into 'knowingly and voluntarily.'" *United States v. Jemison*, 237 F.3d 911, 917 (7th Cir. 2001). This court finds that the terms of his plea agreement are clear and unambiguous. The Seventh Circuit has also found waiver language in a plea agreement substantially similar to the present agreement to be clear and unambiguous. *United States v.*

*Williams*, 184 F.3d 666, 667-68 (7th Cir. 1999). Next, Magistrate Judge Bernthal found during his acceptance of the plea that Petitioner entered into the agreement knowingly and voluntarily. Further, Petitioner was represented by counsel at his guilty plea hearing, and Judge Bernthal always conducts a thorough Rule 11 colloquy to ensure that defendants are aware that they are waiving their right to collateral attack. *See United States v. Sura*, 511 F.3d 654, 658 (7th Cir. 2007). There is no question that he entered into the agreement knowingly and voluntarily. Thus, the waiver is enforceable. Any intimation by Petitioner that he did not enter into the plea agreement knowingly or voluntarily would be completely belied by the written plea agreement, which was thoroughly discussed during the guilty plea hearing.

As for the second exception, however, Petitioner claims that his counsel "was ineffective at the plea negotiation stage because counsel advised Petitioner that he was a ACCA, when Petitioner was not in fact or law a ACCA. And it was because of this advice that Petitioner pleaded guilty." (#3).[2] Petitioner asserts that he did not qualify as an Armed Career Offender because there was no intervening arrest and prosecution between two of the three qualifying offenses, and accordingly, one of the convictions did not qualify as a prior offense for the purpose of the ACCA. Specifically, Petitioner argues that

> The Court relied on three prior convictions to enhance Petitioner's sentence under 18 U.S.C. § 924(e):
>    1. Burglary #97-cf-1066
>    2. Residential Burglary #02-cf-1437
>    3. Delivery of Cannabis #03-cf-58
>
> [* * *]
>
> Petitioner committed that the crime of Delivery of Cannabis on October 29, 2002, but was never apprehended and/or arrested for the crime. On November 30, 2002, Petitioner was arrested for the offense of Residential Burglary. On January 16, 2003, while still in custody for the Residential Burglary offense,

---

[2] All quotations and citations from Petitioner are *sic erat scriptum*.

> Petitioner was issued an indictment/complaint for the Delivery of a Cannabis that was committed on October 29, 2002. These two convictions were consolidated for sentencing on March 21, 2003.
>
> In this Petitioner's case, there was no intervening arrest between the arrest of the Residential Burglary and the Delivery of Cannabis. Petitioner remained in custody on the Residential Burglary charge and while waiting to be bailed out was issued an indictment or complaint for the Delivery of a Cannibis offense. Therefore, on March 21, 2003, the two sentences were consolidated and Petitioner was sentenced to six years for each to be ran concurrent. Therefore, for the court error in applying the enhancement under 18 U.S.C. § 924(e) because the two prior convictions should have counted as one sentence under the Guidelines.

(#1). Furthermore, Petitioner asserts that

> the defendant charges that an arrest, nor a plea "ever" occured in that (03-cf-58) matter. The defendant was being held in the county jail for the charge of residential burglary (02-cf-1437) when it is alleged he was formally charged for delivery of cannabis; and was never charged with bringing contraband into a penal institution. Moreover, the defendant never saw his day in court concerning (03-cf-58) drug charge; nor can McLean county prosecution office provide "any transcripts" to even suggest a court appears in said information indictment. (See exhibit "B" concerning Delivery of Cannabis (03-CF-58) court appearance history).

(#5). Accordingly, Petitioner argues that, as a matter of law,

> pursuant to sentence guideline 4A1.2(A)(4) "convicted of an offense", for the purpose of this provision, means that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere. Thus, the conduct indicated in para. (b) of this writing does suggest the judicial process had never occurred, and that without due process of law said charge was tossed into the sentencing phase in hope of same never being brought into question, as is this day.

(#5).

Some ambiguity exists regarding this second exception. Is it the entire plea agreement that may be challenged on collateral attack despite the waiver, or only the actual terms or negotiation process of the waiver clause in the plea agreement? This question is critical because Petitioner does not assert that his counsel was ineffective during the negotiation of the waiver

clause itself, but rather, was ineffective during the negotiation of the broader agreement by allegedly failing to advise Petitioner that he did not qualify as a career offender. On one hand, "a valid appellate waiver, though binding in other respects, does not preclude judicial review of a criminal defendant's assertion that her *plea agreement* was itself the product of ineffective assistance of counsel." *United States v. Jemison*, 237 F.3d 911, 916 n.8 (7th Cir. 2001) (emphasis added); *see also Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("a claim of ineffective assistance of counsel in connection with the negotiation of *a cooperation agreement* cannot be barred by the agreement itself-the very product of the alleged ineffectiveness.") (emphasis added); *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011) ("We have generally upheld and enforced these waivers, with limited exceptions for cases in which… defendant claims ineffective assistance of counsel in connection with the negotiation of the *plea agreement*.") (editing marks omitted) (emphasis added).

On the other hand, "the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of *the waiver*." *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) (emphasis added); *see also Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) ("In other words, can the petitioner establish that *the waiver* was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?… [the petitioner] is not challenging the voluntariness of the negotiation of *the waiver* in his plea agreement.") (emphasis added); *United States v. Joiner*, 183 F.3d 635, 644 (7th Cir. 1999)( "the waiver of a right to appeal does not completely foreclose review, because the right to appeal survives where the *agreement to waive* is involuntary") (emphasis added).

The Government argues that the right to mount a collateral attack pursuant to §2255 is dependent on whether or not the petitioner can demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver itself. This court agrees. A close look at two cases where the language indicates that the plea agreement, rather than the specific waiver in the plea agreement, is to be evaluated suggests that the term "plea agreement" is used broadly to refer to the embedded waiver. In *Jemison*, for example, the defendant did not even set forth any particulars about how her counsel was ineffective, much less that the waiver was ineffective. *Jemison*, 237 F.3d at 916. Thus, that court only went so far as to analyze whether the waiver was enforceable and did not need to go further. *Id*. at 916-18. In *Keller*, the petitioner did not challenge his attorney's negotiation of either the waiver or the plea, and furthermore, the predicate events leading up to his challenge were subsequently corrected by a *nunc pro tunc* order in the originating state court. *Keller*, 657 F.3d at 682. Finally, in the seminal case in the Seventh Circuit, that court reasoned that an assertion of ineffective assistance cannot be barred by a waiver when the claimant is arguing that his Sixth Amendment right was violated in the very acceptance of that waiver. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). This scope is therefore necessarily narrowed to the waiver itself, not to the remainder of the terms of the plea agreement.

Accordingly, because Petitioner asserts that his counsel provided ineffective assistance by not adequately informing him that he was not an armed career offender (or for that matter, not investigating the circumstances of the 03-CF-58 conviction), rather than failing to adequately assist him with negotiating the terms of the waiver itself, and because the court conducted a thorough Rule 11 colloquy regarding the waiver of his right to collaterally attack his conviction, this court must enforce his waiver against him and deny him relief pursuant to § 2255.

**Merits**

Even if the waiver could not be enforced against Petitioner, the merits of his claim do not stand up to scrutiny. Petitioner has made a naked claim that one of the three prior offenses was never adjudicated as a conviction as defined by U.S.S.G. § 4A1.2(a)(4)—where "the guilt of the defendant has been established, whether by guilty plea, trial, or plea of *nolo contendere*" —but instead was subsumed into one of the other prior offenses. In support of this claim, Petitioner provides his McLean County Detention Center Offender Booking Sheet (#5, exh. B). This sheet shows that he was charged with and sentenced for both the Residential Burglary offense (2002-CF-1437) as well as the Delivery of Cannabis offense (2003-CF-58). This form does not indicate whether or how Petitioner's guilt was or was not adjudicated and therefore does not support Petitioner's claim. In addition, the U.S. Probation Department prepared a Presentence Investigation Report in the underlying case. There, the report notes that in both cases, Petitioner pled guilty and was sentenced to six years concurrent with each other. Finally, Petitioner's plea agreement clearly states that he agrees to the criminal history computation provided by the Probation Department, and agrees that he has those three prior convictions. His assertions therefore cannot be seen as factual. Accordingly, Petitioner fails to carry his burden even before reaching a *Strickland* question.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. For a certificate of appealability to be issued, Petitioner must show that jurists of reason would find it debatable whether his Motion states a valid claim of the denial of a constitutional right and also must show that jurists of reason would find it

debatable whether this court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009). This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this court correctly found that the Motion is precluded by his waiver.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Supplement (#3) his Motion to Vacate, Set Aside or Correct Sentence (2255) (#1) is GRANTED.

(2) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#1) is DENIED.

(3) Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.

(4) This case is terminated.

ENTERED this 12th day of October, 2012

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE